**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL E. DIAZ,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TOM L. CAREY, Warden<br><br>　　　　　Respondent.<br>_____ | No. C 06-3162 JF (PR)<br><br>ORDER GRANTING PETITIONER'S MOTION TO PROCEED IN FORMA PAUPERIS; GRANTING MOTION TO STAY PETITION; INSTRUCTIONS TO CLERK<br><br>(Docket No. 5) |

Petitioner, a California prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion to proceed in forma pauperis and a motion for stay and abeyance. The Court will GRANT Petitioner's motion to proceed in forma pauperis (docket no. 5) and GRANT Petitioner's motion to stay the petition while he exhausts his additional claims in state court.

## DISCUSSION

A.　<u>Motion to Proceed In Forma Pauperis</u>

Petitioner has filed a motion to proceed in forma pauperis. The Court concludes that Petitioner has shown good cause to proceed in forma pauperis set forth in his prisoner trust account documents.

1 Accordingly, Petitioner's motion to proceed in forma pauperis (docket no. 5) is GRANTED.

2 B.     <u>Motion to Stay Amended Petition</u>

3 Petitioner has filed a motion to stay the petition in order to raise his unexhausted
4 claims in state court. District courts have the authority to issue stays and AEDPA does not
5 deprive them of that authority. <u>Rhines v. Webber</u>, 544 U.S. 269, 277-78 (2005). The district
6 court's discretion to stay a mixed petition is circumscribed by AEDPA's stated purposes of
7 reducing delay in the execution of criminal sentences and encouraging petitioners to seek
8 relief in the state courts before filing their claims in federal court. <u>Id.</u> Because the use of a
9 stay and abeyance procedure has the potential to undermine these dual purposes of AEDPA,
10 its use is only appropriate where the district court has first determined that there was good
11 cause for the petitioner's failure to exhaust the claims in state court and that the claims are
12 potentially meritorious. <u>Id.</u> Moreover, where granting a stay, the district court must
13 effectuate the timeliness concerns in AEDPA by placing "reasonable limits on a petitioner's
14 trip to state court and back." <u>Id.</u> at 278. Prisoners who may run the risk of having the federal
15 statute of limitations expire while they are exhausting their state remedies may avoid this
16 predicament "by filing a 'protective' petition in federal court and asking the federal court to
17 stay and abey the federal habeas proceedings until state remedies are exhausted." <u>Pace v.</u>
18 <u>DiGuglielmo</u>, 544 U.S. 408, 416 (2005) (citing <u>Rhines</u>, 544 U.S. at 277-78).

19 Here, Petitioner's proposed claims are cognizable under § 2254 and are not "plainly
20 meritless." Petitioner appears to show good cause for his failure to exhaust his additional
21 claims in state court based upon his allegations of ineffective assistance of trial and appellate
22 counsel. Additionally, the Court notes that Respondent has yet to file an answer to the
23 petition and Petitioner filed a motion to stay with his original petition in this Court. Thus,
24 Petitioner does not appear to be intentionally delaying this action. Accordingly, Petitioner's
25 motion to stay the instant petition to allow him to exhaust his additional claims is
26 GRANTED. This action is hereby STAYED until thirty days after the California Supreme
27 Court's final decision on Petitioner's additional claims, as set forth below.

28

Order Granting Petitioner's Motion to Proceed in Forma Pauperis; Granting Motion to Stay Petition; Instructions to Clerk
P:\pro-se\sj.jf\hc.06\Diaz162stay            2

**CONCLUSION**

1. Petitioner's motion to proceed in forma pauperis (docket no. 5) is GRANTED.

2. Petitioner's motion to stay the petition is GRANTED and the above-titled action is hereby STAYED until thirty days after the California Supreme Court's final decision on Petitioner's additional claims.

3. Petitioner is cautioned that if he wishes to have this Court consider his unexhausted claims, he must properly present those claims to the California Supreme Court **within thirty (30) days** of the date this order is filed.

4. Once the California Supreme Court has issued a decision on Petitioner's additional claims, and if he has not obtained relief in state court, Petitioner shall promptly notify this Court within thirty days of the California Supreme Court's decision.

5. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that he has exhausted his additional claims, the case will be administratively re-opened.

IT IS SO ORDERED.

DATED: __1/24/08_____

JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2  Miguel E. Diaz
   T-83077
3  CA State Prison - Solano
   2100 Peabody Rd.
4  Vacaville, CA  95687

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28